**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

EFRAIN MEJIA-MEJIA,                          )
                                             )
                Petitioner,                  )
                                             )
v.                                           )        Case No. CIV-26-207-J
                                             )
KRISTI NOEM, et al.,                         )
                                             )
                Respondents.                 )

**ORDER**

Petitioner Efrain Mejia-Mejia, a citizen of Honduras, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin who issued a Report and Recommendation [Doc. No. 11] recommending that the Court: (1) grant in part the Petition by ordering Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within five business days, at which Respondents bear the burden of proof, or otherwise release Petitioner if he has not received a lawful bond hearing within that period; (2) require the government to bear the burden at any bond hearing to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention; and (3) order Respondents to certify compliance by filing a status report within seven business days of the Court's order.[1]

---

[1] Petitioner also filed a motion to expedite the processing of the habeas petition and to shorten the objection time. *See* [Doc. No. 10]. In the Report and Recommendation, Judge Erwin recommended the Court deny as moot the first part of Petitioner's motion and shortened the time for objections to seven days and the time for responses to objections to three days. Because Petitioner has already been granted the relief he requested, the Court finds Petitioner's Motion for Expedited Processing under 28 U.S.C. § 1657 with Reference to 28 U.S.C. Ch. 153 [Doc. No. 10] is MOOT.

Respondents filed a timely Objection [Doc. No. 12], triggering de novo review, *see* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023), and Petitioner filed a timely Partial Objection and Response to Respondents' Objection to Report and Recommendation [Doc. No. 13], also triggering de novo review.

Petitioner is a citizen of Honduras who entered the United States on or about April 23, 2019, at or near Hidalgo, Texas, and was charged as an alien present in the United States without having been admitted or paroled. After crossing the border, Petitioner was arrested and detained but was ultimately released on his own recognizance. Following his release, Petitioner applied for asylum, and those proceedings are ongoing. On November 2, 2025, Petitioner was re-detained by ICE, and he remains in ICE custody.

Respondents object to Judge Erwin's conclusion that § 1226(a) controls Petitioner's detention. Respondents assert that § 1225(b)(2)(A) controls because Petitioner is an applicant for admission and that section unambiguously requires all applicants for admission to be subject to mandatory detention. *See* Obj. at 1-2. Although employing a de novo review, the Court declines to engage in lengthy analysis here.[2] This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases).

---

[2] "[N]either 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). Indeed, the circuit court has upheld district court orders which "merely repeated the language of § 636(b)(1) to indicate its [de novo] compliance." In re Griego, 64 F.3d 580, 584 (10th Cir. 1995) ("[I]t is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.").

Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents also assert the Court should not consider any additional arguments regarding any bond hearing the Court may order. Upon review of this matter, the Court concurs that any ruling regarding the burden of proof and/or who bears the burden of proof at the bond hearing is premature and not fit for adjudication at this stage. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)). At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework. Accordingly, the Court declines to issue an advisory opinion instructing the Immigration Judge who has the burden of proof and what that burden of proof is. *See Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023) (declining to prospectively order Immigration Judge to adhere to specific burden of proof at bond hearing); *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 963 (D. Minn. 2019).

Additionally, Petitioner objects to Judge Erwin's recommendation of a bond hearing instead of immediate release. Petitioner asserts that he has already been vetted and released by Respondents at his entry in April 2019 and there have been no changed circumstances other than the fact that Respondents have altered their detention priorities on who should be detained. Petitioner further asserts that due process demands his immediate release and then a pre-deprivation bond hearing, should Respondents wish to re-detain him, where Respondents bear the burden to demonstrate he is a flight risk or danger to the community. Because the Court is adopting

Judge Erwin's conclusion that § 1226(a) controls Petitioner's detention and is granting Petitioner relief on this basis, the Court concludes that Petitioner is entitled to a bond hearing as authorized under § 1226(a).

Accordingly, the Report and Recommendation [Doc. No. 11] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the Immigration and Nationality Act.  The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if he has not received the hearing within that period.  Respondents shall certify compliance within seven (7) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 27th day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE